UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS R. HODGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No: 1:09-cv-519-WTL-DML |
| ) | |
| COUNTY OF DELAWARE, et al., ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON MOTION TO DISMISS AND MOTION TO AMEND

This cause is before the Court on the motion to dismiss filed by Defendants County of Delaware and Sheriff George Sheridan pursuant to Federal Rule of Civil Procedure 12(b)(6) and Plaintiff Thomas R. Hodge's motion to amend his complaint. The motions are fully briefed and the Court, being duly advised, **GRANTS** the Defendants' motion to dismiss and **DENIES** the Plaintiff's motion to amend for the reasons set forth below.

*Factual Background*

Hodge originally filed suit on April 8, 2008, in state court. Hodge amended his complaint on April 22, 2009, and alleged federal claims for the first time. The Defendants removed the case to this Court on April 28, 2009. Hodge alleges in his amended complaint that on or about April 3, 2007, while he was at the Delaware County Jail, county employees assaulted and injured him by kicking him repeatedly in the legs and knees. Hodge asserts claims for violation of his Fourth, Eighth, and Fourteenth Amendment rights against Delaware County and Sheriff George Sheridan in his personal and official capacities.

*Discussion*

The Defendants move to dismiss Hodge's claims against Delaware County because, they argue, the county is not responsible for the actions of the Delaware County Sheriff's Department or Sheriff Sheridan. They argue that claims against Sheriff Sheridan in his individual capacity should be dismissed because Hodge does not allege that the sheriff personally participated in the incident at issue in this case. Finally, they seek to dismiss Hodge's official-capacity claim against the sheriff because his amended complaint does not identify any unconstitutional policy, practice or custom that would support such a claim. In response, Hodge moves to file a second amended complaint in which he joins three officers who he alleges were involved in the incident as defendants and in which he also alleges that his injuries were caused by Delaware County's failure to train the officers.[1] The Defendants argue that the Court should deny Hodge's motion to amend because filing the proposed second amended complaint would be futile in several respects.

Leave to amend a complaint should be granted freely when justice requires under Federal Rule of Civil Procedure 15(a); however, the Defendants are correct that leave should be denied when the proposed amendment would be futile. *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 860-01 (7th Cir. 2001). The Defendants argue that it would be futile to allow Hodge to add the three officers as defendants because his claims against the officers would be barred by Indiana's statute of limitations.

No express federal statute of limitations exists for an action brought pursuant to § 1983.

---

[1] Hodge argues that he is entitled to amend his complaint as a matter of course; however, because he amended his complaint once prior to removal, he is no longer entitled to amend as a matter of course and must be granted leave to do so.

Instead, federal courts apply the forum state's statute of limitations for personal injury suits. *Malone v. Corrections Corp. of America*, 553 F.3d 540, 542 (7th Cir. 2009). The statute of limitations in Indiana for personal injury actions is two years from the date on which the cause of action accrues. Ind. Code 34-11-2-4. Therefore, the applicable statute of limitations in this case expired on April 3, 2009, two years following the date of the incident at issue in this case. Hodge moved to amend his complaint on July 15, 2009, several months after the two-year period elapsed.

Hodge argues that Federal Rule of Civil Procedure 15(c) would permit his amendment to relate back to his original pleading's date for the purposes of joining the three officers as defendants. An amended pleading relates back when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. Pro. 15(c)(1)(C). In other words, Rule 15(c) conditions the relation back of an amendment that adds a defendant on the presence of three prerequisites:

> First, the amended claim must arise out of the same occurrence set forth in the original pleading. Second, within the applicable statute of limitations period the purported substitute defendant must have received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits. Third, the purported substitute defendant must have or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

*Wood v. Worachek*, 618 F.2d 1225, 1229 (7th Cir. 1980). Therefore, Rule 15(c) permits an amendment to relate back "only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where . . . there is a lack of knowledge of the proper party." *Id.* at 1230; *see also Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006); *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000); *Eison v. McCoy*, 146 F.3d 468, 471-72 (7th Cir. 1998). Thus, if the correct defendant is already before the court but was merely named improperly, Rule 15(c) usually allows relation back, but relation back is not permitted when the plaintiff wants to substitute a different defendant or name a new defendant. *Wood*, 618 F.2d at 1229.

Hodge argues that the three officers he seeks to join received constructive notice of the lawsuit via an investigation conducted by Midwest Claims Service, Delaware County's claims insurer, and that the proposed defendants would not be prejudiced if suit against them were permitted because the County's liability insurer had notice of a lawsuit within the statute of limitations period. However, constructive notice of the lawsuit and a lack of prejudice are not sufficient to justify a Rule 15(c) relation back of an amendment adding new defendants when the basis for the change is due to a lack of knowledge of the proper party. *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000) ("[W]e have emphasized that the mistake requirement is independent from whether the purported substitute party knew that action would be brought against him."). Hodge concedes that he was "unsure as to what police agency assaulted him," and asserts that given Midwest's finding that none of Delaware County's employees were involved in any incident in which Hodge was injured, "Plaintiff's counsel could

not be certain of the actual facts until after Officer Shaner was deposed." Hodge Reply at 2. What Hodge fails to explain is why Officer Shaner was not deposed earlier, given that he was identified by the Defendants on June 17, 2008, more than a year prior to the date the instant motion to amend was filed. Indeed, on that date the Defendants produced the "Non-Lethal Force Report Forms" completed by Officer Shaner and the other two officers he now seeks to sue which clearly identified them as the officers involved in the incident at issue. Therefore, Hodge had knowledge of the officers' identities for almost ten months prior to the expiration of the statute of limitations; he simply failed to move to add them as defendants in a timely manner. Now that the statute of limitations has expired, he has lost his opportunity to do so.

The Defendants next argue that Hodge's claim against Delaware County must be dismissed because the County is not responsible for the actions of the Sheriff or the employees of the Sheriff's Department and therefore cannot be liable to Hodge for any injuries he received from jail personnel. This argument is equally applicable to both Hodge's amended complaint and his proposed second amended complaint.

Under Indiana constitutional, statutory, and case law, county commissioners, and, accordingly, Indiana counties, do not control the acts of county sheriffs. *Delk v. Board of Com'rs of Delaware County*, 503 N.E.2d 436, 440 (Ind. Ct. App. 1987). Article 6, Section 2 of the Indiana Constitution establishes the office of the county sheriff, and the legislature determines its powers and duties. *See* Ind. Code 36-2-13-5. Although county commissioners have some emergency powers relating to county sheriffs, "those powers do not relate to the ability to control the acts performed by any deputy or, indeed, by the sheriff." *Delk*, 503 N.E.2d at 440. Therefore, an agency relationship does not exist between Delaware County and its

commissioners and the Delaware County Sheriff. Hodge's assertion that the county employed Sheriff Sheridan, set policies for his employees, and was responsible for ensuring that its employees were properly trained cannot provide a basis for the county or the commissioners' liability on any of Hodge's claims. *See Estate of Drayton v. Nelson*, 53 F.3d 165, 167-68 (7th Cir. 1994) (noting that given the clarity of Indiana law on the subject, naming the county in a §1983 action involving the actions of an Indiana sheriff and his deputies "was a mistake that no competent lawyer should have made"). Indiana counties simply are not liable for the actions of county sheriffs and their deputies, and therefore Delaware County is not a proper defendant in this case.[2]

The Defendants next argue that Hodge fails to state a claim against Sheriff Sheridan in his individual capacity because he does not allege any personal acts or omissions by the sheriff in either his amended complaint or his proposed second amended complaint. Claims under §1983 predicated upon the doctrine of *respondeat superior* are not permitted; rather, in order to be liable "a defendant must be personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Id.* (citation omitted). "Thus, a supervisor may be liable for 'deliberate, reckless indifference' to the

---

[2]Hodge also asserts that the County owned the Delaware County Jail in which the alleged incident allegedly happened. This also cannot form the basis of liability for the County. Although Indiana law suggest that the county and the sheriff have responsibility for keeping county jails safe, the county's duty is limited to keeping "the jail open for use and in good repair." *Weatherholt v. Spencer County*, 639 N.E.2d 354, 355-56, (Ind. App. 1994). Inasmuch as Hodge does not allege that the physical condition of the jail caused his injuries, the County's ownership of the jail is irrelevant.

misconduct of subordinates"; in other words, "[t]he supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Id.* (citations omitted).

Neither Hodge's amended complaint nor his proposed amended complaint contains any allegation of wrongdoing on the part of Sheriff Sheridan. Indeed, the only allegation involving him is that as the sheriff he was the commanding officer of the jail and was "[r]esponsible, by law, for enforcing the regulations of the Delaware County Sheriff's Department and for ensuring that the employees, agents and servants of the Delaware County Jail are properly trained in all appropriate county policies and procedures, [and] obey the laws of the State of Indiana and of the United States." This allegation is clearly insufficient to state a claim against Sheriff Sheridan in his individual capacity.

The only remaining claim in either complaint is Hodge's claim against Sheriff Sheridan in his official capacity. The Defendants argue that this claim fails as an improper claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978). Government entities are responsible for its employees' actions only if those actions were based on "a custom or policy that contributed to the infliction of the assault and [the] resulting injury." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Courts have identified three ways in which a government body's policies or customs could violate an individual's civil rights, justifying imposing municipal liability:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

Failing to train police officers may serve as a basis for liability if "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Therefore, if, in fact, Hodge's constitutional rights were violated, and if that violation occurred because the officers involved were not properly trained, it is possible that the failure to train amounted to deliberate indifference for which Sheriff Sheridan, in his official capacity, would be liable. The allegations in Hodge's proposed second amended complaint fall far short of asserting such a claim, however. While, as noted above, the proposed complaint alleges that Sheriff Sheridan was responsible for training jail employees, it does specifically not allege any failure on his part. It does allege that the *county* failed to train its employees, but, as already discussed, this allegation is a non-starter, as the county is not responsible for jail employees.

Even if Hodge had made the failure-to-train allegations in his proposed second amended complaint against the Sheriff instead of (or in addition to) the county, those allegations would have been insufficient to avoid dismissal pursuant to the pleading standard established by recent Supreme Court cases. *See, e.g., Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). In determining whether the factual allegations in a complaint provide sufficient notice under Federal Rule of Civil Procedure 8, courts do not have to accept the truthfulness of "legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (internal citations and quotations omitted). Plaintiffs may not "merely parrot the statutory language of claims they are pleading"; rather, they must provide specific facts to ground those legal claims to satisfy Rule 8's "showing" requirement. *Id.* Hodge has failed to provide any facts regarding the alleged training

that was not given or how that lack of training led to his injuries. As the court in *Brooks* recognized, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Id.* Hodge's allegations in this case fall squarely into that category. Thus, Hodge's proposed second amended complaint does not satisfy the notice pleading requirement in Rule 8.

*Conclusion*

For the reasons set forth above, the Defendants' motion to dismiss Hodge's amended complaint is **GRANTED**, and because Hodge's proposed second amended complaint would suffer the same fate if the Court granted him leave to file it, Hodge's motion to amend is **DENIED**. However, the dismissal of the amended complaint is **without prejudice** to the following extent: the Court will withhold entry of judgment for a short time to give Hodge the opportunity to move to file a second amended complaint against the Sheriff, in his official capacity, for failure to train. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."). If Hodge believes that he has sufficient evidence of both deliberate indifference and causation to support such a claim, he has one more opportunity to seek leave to assert it. If Hodge does not file a motion to amend by **October 26, 2009**, accompanied by a proposed second amended complaint that satisfies the requirements of Federal Rule of Civil Procedure 8 as discussed above, this case will be dismissed with prejudice and judgment will be entered in favor of the Defendants.

SO ORDERED: 10/16/2009

*[signature]*

-9-

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification